UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUSTINE CHADLY,

    Plaintiff,

    v.

MUSIC TOGETHER, LLC and DOES 1 to 25, inclusive,

    Defendants.

No. C 24-01096 WHA

**ORDER RE MOTION TO SEAL**

A defendant moves to seal (Dkt. No. 16) portions of an attachment to its since-withdrawn motion to transfer and motion to dismiss (Dkt. No. 14). The motion to seal is **DENIED.**

1. **THE LEGAL STANDARD.**

There is a strong public policy in favor of openness in our court system and the public is entitled to know to whom we are providing relief (or not). *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir.), *cert. denied*, 580 U.S. 815 (2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. Evidentiary motions, like motions *in limine* and *Daubert* motions, can correlate with the merits. *Id.* at 1098–1100. Indeed, the "'compelling reasons' standard applies to *most* judicial

records." *Id.* at 1098 (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010), *cert. denied sub nom. Experian Info. Sols., Inc. v. Pintos*, 562 U.S. 1134 (2011)).

Additionally, parties in this district must ensure their sealing motions meet basic adequacy requirements. Above all, they must "narrowly tailor" requests "to seal only the sealable material." Civil L.R. 79-5(c). And they must list each document or passage to be sealed together with its rationale for sealing. *Ibid.* For each listed, they must specifically state: (1) the legitimate private or public interests that warrant sealing; (2) the injury that will result should sealing be denied; and (3) why a less restrictive alternative to sealing is not sufficient. *Ibid.* They must provide evidentiary support where necessary, such as by sworn declaration. *Ibid.* And, for pleadings, parties must file both redacted and unredacted copies (or ensure another party does), and include in the unredacted copies highlighting to show proposed redactions. *Id.* at (d)–(e). Failure to follow the rules suggests a lack of cause or interest to seal, and risks summary denial. *See id.* at (f)(6), (g)(2).

Redaction may be appropriate where publication "could result in infringement upon trade secrets." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), *cert. denied*, 566 U.S. 986 (2012). So too where publishing "business information" might "harm a litigant's competitive standing," particularly where the public has "minimal interest" in that information. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). And, in general, redaction will be appropriate where publication would turn "court files [into] a vehicle for improper purposes," *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as "to gratify private spite, promote public scandal, [or] circulate libelous statements," *ibid.* But "vague boilerplate language or nebulous assertions of potential harm" will not suffice to support redaction. *Bronson v. Samsung Elecs. Am., Inc.*, 2019 WL 7810811, at *1 (N.D. Cal. May 28, 2019) (citing Civil L.R. 79-5). Nor will mere "[r]eference to a stipulation or protective order." Civil L.R. 79-5(c); *see also Kamakana*, 447 F.3d at 1180. "A party seeking to seal a judicial record [ultimately] bears the burden of overcoming th[e] strong presumption" of public access. *Kamakana*, 447 F.3d at 1178. The final determination is "left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon,* 435 U.S. at 599).

2

### 2. THE MOTION TO SEAL STEMMING FROM THE MOTION TO DISMISS AND THE MOTION TO TRANSFER.

Music Together, LLC seeks to redact (Dkt. No. 16) an exhibit attached to the motion to dismiss and the motion to transfer (Dkt. No. 14-9 §§ 1–2). The exhibit is a purported employment agreement between Music Together, LLC and third party Thomas Foote (*ibid.*). The motion fails procedurally. And it fails substantively as to each section sought to be sealed.

*First*, "A party must file a motion to seal a document at the same time that the party submits the document." Civil L.R. 79-5(b). Music Together, LLC filed the motion to dismiss that included the redacted attachment on April 29 (Dkt. No. 14). It then filed its administrative motion to seal that redacted attachment on May 7 (Dkt. No. 16). That won't do. This is reason enough to find a lack of good cause or compelling interest to seal. *Cf.* Civil L.R. 79-5(f)(6), (g)(2). Regardless, the sealing fails substantively, as this order shows for each part in turn:

*Second*, Music Together, LLC seeks to seal the parts of the agreement that concern intellectual-property assignment rights (Dkt. No. 14-9 § 2). The proposed redactions are overbroad. Music Together, LLC concedes that the agreement's intellectual-property provisions must be disclosed because they purportedly pertain to the works in dispute (*see* Dkt. No. 16-1 ¶ 4). But that being so, Music Together, LLC then provides no basis for *disclosing* within the intellectual-property rights section the subsections titled "(c) . . . Power of Attorney" and "(d) Moral Rights" but *not disclosing (proposing to redact)* the subsection titled "(e) . . . License" (*see* Dkt. No. 14-9 § 2). The motion thus fails to provide "articulable facts" establishing a "compelling reason" to seal some but not other subsections. *See Kamakana*, 447 F.3d at 1179, 1181 (quotation omitted).

*Third*, Music Together, LLC seeks to seal the entirety of another section of the agreement, this one concerning confidentiality and disclosure (Dkt. No. 14-9 § 1). The proposed redactions are again overbroad. Music Together, LLC seeks to redact, for instance, even the legal boilerplate permitting bound parties to make disclosures "pursuant to the valid order of a court of competent jurisdiction" (Dkt. No. 16-3 § 1(b)(ii)). The proposed redactions that remain closer to the proposed rationale fail because the rationale is not persuasive. Music Together, LLC seeks to redact, for instance, the legal boilerplate listing categories of *potential*

3

1  *confidences* "without limitation" that Foote purportedly must keep (legalese that does not list
2  specific confidences therein) (*id.* § 1(a)).  To support this and other redactions, Music
3  Together, LLC asserts that "*Foote* may be harmed if others electing to enter into business or
4  employment relationships with [him] understood and knew the full terms of his agreement with
5  Music Together[, LLC]" (Dkt. No. 16 at 2 (emphasis added)).  But no doubt if Foote *were* to
6  work with others contrary to the purported agreement, then Music Together, LLC would be the
7  first to inform them of his agreement's full terms — much like Music Together, LLC has done
8  with respect to the party's purported contract terms in this case.  In other words, even assuming
9  the *terms* constrain Foote, Music Together, LLC provides no specific reason why the terms'
10 *disclosure here* would additionally, improperly constrain Foote.  As for any harm to Music
11 Together, LLC, the company swears only that it could face "competitive harm" (Dkt. No. 16-
12 1 ¶ 5).  Such conclusory statements do not provide the "articulable facts" needed to grant a
13 motion to seal.  *Kamakana*, 447 F.3d at 1181 (quotation omitted).

14     In sum, the motion to seal did not follow the procedure for sealing.  And the redactions
15 are not surgical enough, the rationales not scrupulous enough, to meet the standard for sealing.
16 The extent to which Music Together, LLC contracts with its employees and licensees — and
17 specifically with this purported co-author of the disputed works — is more than tangentially
18 related to this case (*see, e.g.*, July 18, 2024 Tr. 35, 38–39).  *See Ctr. for Auto Safety*, 809 F.3d
19 at 1101–02.  Music Together, LLC fails to rebut the public's strong presumptive right to access
20 the public courts and these records therein.

### CONCLUSION

22     The administrative motion to seal is **DENIED.**  Music Together, LLC shall refile the
23 attachment (Dkt. No. 14-9, 16-3) in compliance with this order **BY SEPTEMBER 5, 2024.**
24     **IT IS SO ORDERED.**
25 Dated:  August 28, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE