UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JUSTINE CHADLY,

    Plaintiff,

    v.

MUSIC TOGETHER, LLC,

    Defendant.

No. C 24-01096 WHA

**ORDER RE MOTION FOR LEAVE TO ADD THOMAS FOOTE AS A PARTY**

## INTRODUCTION

In this copyright and contract action, a purported copyright owner moves to add a purported co-author as a party. For reasons below, the motion is denied.

## STATEMENT

**1. THE BACKGROUND.**

Defendant/counter-plaintiff Music Together, LLC, licenses children's music-education content and related trademarks to teachers. Plaintiff/counter-defendant Justine Chadly is one such children's music educator and composer. Starting in the 2000s, Chadly licensed content from Music Together LLC and built a franchise business, or Music Together Center, around it (Compl. ¶¶ 7–8, 19; Counterclaims ¶¶ 7–8). In the 2010s, Chadly authored or co-authored four works of children's music that were later incorporated into Music Together LLC's

programming (Compl. ¶¶ 10, 14 (authored); Counterclaims ¶¶ 10–11 (co-authored)). In the 2020s, the parties' business relationship broke down, leading to this case (Compl. ¶¶ 24–27).

Chadly's complaint alleged copyright infringement, tortious interference, and other claims — and sought declaratory relief proclaiming herself as the owner of the four disputed works (Compl. ¶¶ 28–72). Music Together LLC's counterclaims alleged copyright infringement, contract breach, and other claims — and sought declaratory relief proclaiming itself as the owner or co-owner of the four disputed works (Counterclaims ¶¶ 27–77).

2. **THE INSTANT MOTION.**

Enter Thomas Foote (or not).

Music Together LLC moves for leave to add Foote as a party to this litigation under Rule 19 (Dkt. No. 67). Recall that in its counterclaims, Music Together LLC alleged that third-party Foote co-authored works at issue, then via contracts assigned his ownership interests to Music Together LLC (Counterclaims ¶¶ 12–19). Thus, in its opening brief, Music Together LLC argues that Foote's rights will necessarily be determined by this litigation — and that under the rules and caselaw Foote must be joined.

Chadly opposes (Dkt. No. 72). Recall that in her complaint, Chadly alleged no role for Foote in co-authoring the works at issue. She alleged only that he was a business partner whose purchase of her franchise Music Together Center was tortiously frustrated by franchisor Music Together LLC (Compl. ¶¶ 25–27, 50–51, 61). Thus, in her opposition to the instant motion, she argues that Foote has no rights that need deciding — and attaches a sworn statement from Foote himself to the same effect (Dkt. No. 72-1).

Foote declares:

> It is my understanding that there is a question regarding whether I claim to be an author or co-owner of the songs "Singing in Harmony," "Singin' My Song," "Hand in Hand," and "Let Me Hear You."
>
> I am not a writer or co-writer of any of these four songs currently in dispute between Justine Chadly and Music Together, LLC. The four songs above, including their lyrics, melody, and overall composition, are the original works of Justine Chadly. I provided arrangement of the songs for Music Together only after the four songs were written by Ms. Chadly, and her recordings were shared

2

> with Music Together for possible purchase and use in their music teaching program.
>
> I have no claim to ownership, authorship, or copyright in any of these songs.
>
> I make this declaration truthfully and voluntarily, understanding its legal significance.

(*Id.* ¶¶ 2–6 (paragraph numbers omitted)).

In reply, Music Together LLC concedes that "Foote's affidavit makes clear he is not claiming that he presently has a legally protected interest," and thus "effectively moots the need to join him as a party under Rule 19" (Dkt. No. 74 ("Reply") at 1).[*]

Parties agree the motion can be decided on the papers (*see* Dkt. No. 76).

## ANALYSIS AND CONCLUSION

Because Music Together LLC now concedes that there is no basis to join Foote under Rule 19 (Reply 1 (citing *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999)), its motion for leave to join Foote (Dkt. No. 67) is **DENIED.**

**IT IS SO ORDERED.**

Dated: February 26, 2025.

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ William Alsup
　　　　　　　　　　　　　　　　　　　　　　　　WILLIAM ALSUP
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[*] Music Together LLC strives to avoid conceding issues in the underlying case:
> Music Together [LLC] maintains that Foote was, in fact, a co-author of the compositions when he transferred his ownership interest in them to Music Together by his agreements. [Or, if he was not,] Music Together reserves its right to bring any claim against Foote in the future based upon his prior misrepresentations to Music Together as to his co-authorship of the compositions.

(Reply 1–2).

3